IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOSEPH ELWELL, CRYSTAL ELWELL, DEBORAH BALDWIN, Individually and as custodian for her Minor children WM and AM, ROBERT BALDWIN,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST BAPTIST CHURCH OF HAMMOND, INC.,<br><br>Defendant. | Case No. 2:16-CV-158 |

### DEFENDANT, FIRST BAPTIST CHURCH OF HAMMOND, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNT III OF PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(b)(6)

NOW COMES the Defendant, First Baptist Church of Hammond, Inc., by its undersigned attorneys, and for its Memorandum of Law in Support of its Motion to Dismiss Count III of Plaintiffs' Complaint at Law pursuant to Rule 12(b)(6) state as follows:

### INTRODUCTION

1.  On May 5, 2016, Plaintiffs' filed a three count Complaint alleging Constructive Fraud (Count I), Actual Fraud (Count II), or in the alternative, Negligent Retention (Count III) (see Plaintiffs' Complaint attached hereto as Exhibit A). Plaintiffs' allegations against Defendant arise out of alleged negligent and intentional conduct of this Defendant relative to Plaintiffs' financial investments in a collateralized note program marketed and sold by unnamed third-parties, such as Thomas Kimmel, who is referenced in Plaintiff's Complaint (see Exhibit A).

2. Specifically, Plaintiffs' allege Defendant is vicariously liable for the fraudulent conduct of Mr. Kimmel, as well as an additional unnamed third-party, Jack Schaap, which caused them financial loss in their investments in the collateralized note program.

3. Defendant has filed its Answer and pled Affirmative Defenses as to Count I and Count II.

4. In Count III, Plaintiffs have pled in the alternative, and allege that Defendant knew or should have known of Mr. Kimmel's alleged fraudulent conduct towards Plaintiffs and terminated his relationship with the Defendant, including but not limited to Mr. Kimmel's ability to offer Plaintiffs "investment advice" or solicit First Baptist Church members, such as Plaintiffs, to invest in the collateralized note program (see Exhibit A at ¶¶114 through 126).

5. Plaintiffs have pled Count III in the alternative as Indiana law only recognizes negligent retention liability against an employer, such as the Defendant, if the employee's action is outside the scope of his employment.

6. However, Plaintiffs' Complaint alleges that Defendant "hired" Mr. Kimmel for the "purposes of providing financial advice, debt counseling, budget counseling and investment advice" to Plaintiffs (see Exhibit A at ¶ 115).

7. Thus, Plaintiffs' own allegations, if taken as true, contend that Defendant was negligent for not terminating Mr. Kimmel's relationship for the very conduct or actions Plaintiffs' claim Mr. Kimmel was hired to do.

8. Finally, Plaintiffs allege that they became aware of Mr. Kimmel's fraudulent conduct in the "late summer 2013" during a conference call with the FBI, conduct which forms the basis of their claim of negligent retention (see Exhibit A at ¶ 75).

9. Pursuant to Indiana law, Plaintiffs had up to two (2) years from the date of that discovery to bring a cause of action.

10. Count III fails to state a claim upon which relief can be granted because (1) Plaintiffs' own allegations claim Mr. Kimmel was acting within the scope of his employment even in their alternative pleading, which is not a recognized cause of action in Indiana; and (2) Defendant's alleged negligent conduct is time barred by the applicable two (2) year statute of limitations. Thus, Plaintiffs' cannot, as a matter of law, assert a claim for negligent retention and pursuant to Rule 12(b)(6), Count III of Plaintiffs' Complaint should be dismissed with prejudice.

## ARGUMENT

11. Federal Rules of Civil Procedure 12(b)(6) permits a motion to dismiss for a plaintiff's "failure to state a claim upon which relief can be granted" Fed. R. Civ. P. 12(b)(6). Because Count III of Plaintiffs' Complaint fails to state a claim upon which relief may be granted, this motion is appropriate.

12. This court has jurisdiction over this matter due to diversity jurisdiction. A federal court sitting in diversity applies substantive law of the forum state, i.e., Indiana. *See, Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Ruiz v. Blentech*, 89 F 3rd 320, 324 (7th Cir. 1996).

13. Indiana recognizes a cause of action for negligent retention of an employee, which is adopted from the Restatement (Second) of Torts § 317.

14. Further, Indiana courts hold that it is for the court to determine whether an employer knew or had reason to know of its employee's misconduct, but failed to take appropriate action, such as termination, and exercise reasonable care towards third parties. *Konkle v. Henson*, 672 N.E. 2d 450, 454 (Ind. Ct. App. 1996); *Frye v. American Painting*, 642 N.E.2d 995, 998 (Ind. Ct. App. 1994).

15. However, Indiana does not recognize the tort of negligent retention for an employee's duties within the scope of his employment. *Briggs v. Finley*, 631 N.E.2d 959, 966 (Ind. Ct. App. 1994) *citing, Perry v. Stitzer Buick, GMC, Inc.*, 604 N.E.2d 613, 617 (Ind. Ct. App. 1992).

16. In Indiana, vicarious liability will be imposed upon an employer under the doctrine of *respondeat superior* "where the employee has inflicted harm while acting within the scope of employment." *Barnett v. Clark*, 889 N.E.2d 281, 283 (Ind. 2008). To fall within the scope of employment, "the injurious act must be incidental to the conduct authorized or it must, to an appreciable extent, further the employer's business." *Id.*

17. An act "is incidental to authorized conduct when it 'is subordinate to or pertinent to an act which the servant is employed to perform,' or when it is done 'to an appreciable extent, to further his employer's business.'" *Bushong v. Williamson*, 790 N.E.2d 467, 473 (Ind. 2003) (quoting *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 453 (Ind. 2000)).

18. Here, Plaintiffs' allege throughout their Complaint that Mr. Kimmel's actions and conduct was within the scope of his duties for the Defendant, which includes their allegations in the alternative in Count III (see Exhibit A at ¶ 115).

19. Specifically, Plaintiffs' claim Defendant hired Mr. Kimmel to teach seminars and offer financial advice, investment advice and debt counseling to First Baptist Church members, such as the Plaintiffs (see Exhibit A at ¶¶ 115 and 125).

20. While Defendant vehemently denies Mr. Kimmel was acting within the scope of his employment relative to soliciting investors, Plaintiffs' claim Defendant breached its duties by negligently retaining Mr. Kimmel for the conduct of soliciting investors to invest in the

collateralized note program, which they allege was incidental to the duties Defendant authorized Mr. Kimmel to perform (see Exhibit A at ¶ 125).

21. Because Indiana courts do not recognize the tort of negligent retention when the duties that allegedly harmed a third party fall within that individual's scope of employment, Count III of Plaintiffs' Complaint should be dismissed with prejudice for failing to state a claim upon which relief can be granted.

22. Nevertheless though, even if this Court determines that Plaintiffs' allegations of Mr. Kimmel's fraudulent conduct were outside the scope of his duties for Defendant, Plaintiffs' claim of negligent retention is time barred and should be dismissed.

23. The statute of limitations is two (2) years in Indiana to recover property damages due to a defendant's negligent conduct, which begins to accrue when the plaintiff knew or, through ordinary diligence, could have discovered, the injury. Ind. Code. §34-11-2-4(2); *Wehling v. Citizen's Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992).

24. Plaintiffs' filed suit on May 5, 2016.

25. Plaintiffs' own allegations state that they learned of Mr. Kimmel's indictment in or around August 2013, and that Plaintiff Baldwin learned the details of Mr. Kimmel's fraudulent conduct during a conference call with the FBI in the "late summer of 2013" (see Exhibit A at ¶¶ 74 and 75).

26. Thus, Plaintiffs' knew, or through ordinary diligence, could have discovered in the "late summer 2013" of the Defendant's alleged negligent conduct which they claim proximately caused the injuries sought in their Complaint.

27. Accordingly, Count III of Plaintiffs' Complaint is time barred as it was filed over two (2) years after discovery of the alleged negligent conduct, which conservatively would have ended in the late summer 2015.

28. Plaintiffs cannot maintain their claim for negligent retention asserted in Count III for the reasons stated above and the case law cited herein. Therefore, Count III must be dismissed pursuant to Rule 12(b)(6).

## **CONCLUSION**

29. Indiana law does not recognize a tort for negligent retention if the employee's alleged conduct falls inside the scope of his duties. Because the Plaintiffs' Complaint alleges Defendant breached its duties by not terminating Mr. Kimmel for conduct allegedly within the scope of his duties, Count III fails to state a claim and must be dismissed with prejudice.

30. Further, Plaintiffs' allegations provide a timeline for their discovery of Mr. Kimmel's occurring in the "late summer 2013." However, Plaintiffs' filed suit well after the two (2) year statute of limitations had run on their negligence allegations, and therefore, Count III must be dismissed with prejudice.

Respectfully submitted,

HeplerBroom, LLC

*/s/ Rick Hammond*
Rick Hammond
David Albaugh
HEPLERBROOM, LLC
30 N. LaSalle Street, Suite 2900
Chicago, Illinois 60602
(312) 205-7719
rick.hammond@heplerbrooom.com
david.albaugh@heplerbroom.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the following: **John S. Burke** of Higgins & Burke, P.C., *Attorney for Plaintiffs*.  A courtesy copy was e-mail to:

John S. Burke
Higgins & Burke, P.C.
2560 Foxfield Rd. Suite 200
St. Charles, IL 60174
Phone No. (630) 762-9081
Fax No. (630) 762-9084
jburke@higginsandburke.com

/s/ Rick Hammond