UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSEPH ELWELL, CRYSTAL ELWELL, ) <br> DEBORAH BALDWIN, Individually ) <br> and as custodian for her minor children ) <br> William McDaniel and Alexander McDaniel, and ) <br> ROBERT BALDWIN, ) <br> ) <br>           Plaintiffs, ) <br>   v. ) <br> ) <br> FIRST BAPTIST CHURCH OF ) <br> HAMMOND, INC., ) <br> ) <br>           Defendant. ) | Case Number 2:16-CV-158 |

**OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss Count III of Plaintiffs' Complaint [DE 13] filed by the defendant, First Baptist Church of Hammond, Inc., on July 26, 2016. For the following reasons, the motion is **DENIED.**

*Background*

In January 2006, Pastor Jack Schaap hired Thomas Kimmel as an employee of the First Baptist Church to provide financial advice, debt counseling, budgeting, and investment planning advice to the members of First Baptist Church. In February 2006, Kimmel began soliciting investments in the collateralized note program related to Sure Line Acceptance Corporation. On July 2, 2007, the Elwells invested $160,000.00 and by October 2009 had invested a total of $225,000.00, and the Baldwins invested a total of $398,400.00 in the note program.

The note program began to fail in January 2012 when Sure Line entered a court ordered receivership. On August 21, 2013, Kimmel was charged with conspiracy to commit wire fraud and mail fraud regarding the sale and solicitation of the note program. Around this time,

Deborah Baldwin learned from the FBI that Kimmel and Pastor Schaap were receiving commissions from the proceeds of the investments in the program.

The plaintiffs' claims arose from the alleged negligent and intentional conduct of First Baptist Church regarding the plaintiffs' financial investments in the collateralized note program that was marketed and sold by Kimmel. According to Count I and Count II, plaintiffs alleged that the defendant is liable for Kimmel's conduct under a theory of respondeat superior. The defendant filed its answer and affirmative defenses regarding Count I and II. The defendant has argued that Count III was not pled in the alternative and alleged Kimmel's conduct was within the scope of his employment. Therefore, the defendant has requested that Count III be dismissed with prejudice for failing to state a claim under Indiana law. The motion also has raised a statute of limitations defense.

*Discussion*

The defendant, First Baptist Church of Hammond, Inc., has requested the court to dismiss Count III of the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than those of fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement" to show that a pleader is entitled to relief. *See* ***Cincinnati Life Ins. Co. v. Beyrer***, 722 F.3d 939, 946 (7th Cir. 2013). The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." ***Ashcroft v. Iqbal***, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In order to survive a Rule 12(b)(6)

motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Cincinnati Life Ins.*, 722 F.3d at 946 ("The primary purpose of [Fed.R.Civ.P. 8 and 10(b)] is to give defendants fair notice of the claims against them and the grounds supporting the claims.") (quoting *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)); *Peele v. Clifford Burch*, 722 F.3d 956, 959 (7th Cir. 2013) (explaining that one sentence of facts combined with boilerplate language did not satisfy the requirements of Rule 8); *Joren v. Napolitano*, 633 F.3d. 1144, 1146 (7th Cir. 2011). This pleading standard applies to all civil matters. *Iqbal*, 556 U.S. at 684.

The decision in *Iqbal* discussed two principles that underscored the Rule 8(a)(2) pleading standard announced by *Twombly*. *See Twombly*, 550 U.S. at 555 (discussing Rule 8(a)(2)'s requirement that factual allegations in a complaint must "raise a right to relief above the speculative level"). First, a court must accept as true only *factual* allegations pled in a complaint—"[t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions" are insufficient. *Iqbal*, 556 U.S. at 678. Next, only complaints that state "plausible" claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. If the pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then the complaint has not met the pleading standard outlined in Rule 8(a)(2). *Iqbal*, 556 U.S. at 678–79; *see Brown v. JP Morgan Chase Bank*, 2009 WL 1761101, at *1 (7th Cir. June 23, 2009) (defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability). The Supreme Court has suggested a two-step process for a court to follow when considering a motion to dismiss. First, any "well-pleaded factual allegations" should be assumed to be true by the court. Next, these allegations can be reviewed to determine if they "plausibly"

3

give rise to a claim that would entitle the complainant to relief.  *Iqbal*, 556 U.S. at 678–79; *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010).  Reasonable inferences from well-pled facts must be construed in favor of the plaintiff.  *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Maxie v. Wal-Mart Store*, 2009 WL 1766686, at *2 (N.D. Ind. June 19, 2009) (same); *Banks v. Montgomery*, 2009 WL 1657465, at *1 (N.D. Ind. June 11, 2009) (same).

A complaint that lacks organization and coherence so that it is too confusing to understand the factual basis of the wrongful conduct also is subject to dismissal.  *Cincinnati Life Ins.*, 722 F.3d at 946.  The court assesses this by considering whether it can make out the essence of the claims.  *Cincinnati Life Ins.*, 722 F.3d at 946.  A complaint is not unintelligible simply because it contains repetitive and irrelevant matter.  *Cincinnati Life Ins.*, 722 F.3d at 946.  "Rather, we have found complaints wanting when they present a 'vague, confusing, and conclusory articulation of the factual and legal basis for the claim and [take] a general "kitchen sink" approach to pleading the case.' . . . [D]ismissal is the appropriate remedy for district courts presented with 'a bucket of mud.'"  *Cincinnati Life Ins.*, 722 F.3d at 946–47 (quoting *Stanard*, 658 F.3d at 798).

A federal court sitting in diversity applies the substantive law of the forum state, so Indiana law applies here.  *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Ruiz v. Blentech*, 89 F.3d 320, 324 (7th Cir. 1996).  Indiana recognizes a cause of action for negligent retention of an employee.  **Restatement (Second) of Torts § 317**; *Grzan v. Charter Hosp. of Northwest Indiana*, 702 N.E.2d 786 (Ind. App. Ct. 1998).  Negligent retention and supervision is a species of negligence and has the following elements: 1) a duty of care owed by an employer to a third person; 2) breach of that duty; and 3) injury to the third person proximately caused by the employer's breach.  *Scott v. Retz*, 916 N.E.2d 252, 257 (Ind. App. Ct. 2009).  In order to

determine if an employer is liable for negligent hiring or retention of an employee, the court must determine if the employer exercised reasonable care. ***Konkle v. Henson***, 672 N.E.2d 450, 454–55 (Ind. App. Ct. 1996). Under the principle of negligent retention, an employer may be liable for retaining an employee only if it knows the employee has a habit of misconduct that is dangerous to others. ***Briggs v. Finley***, 631 N.E.2d 959, 966–67 (Ind. App. Ct. 1994).

Negligent retention and supervision is a distinct tort from respondeat superior; it may impose liability on an employer when an employee "steps beyond the recognized scope of his [or her] employment to commit a tortious injury upon a third party." ***Clark v. Aris, Inc.***, 890 N.E.2d 760, 765 (Ind. App. Ct. 2008); ***Scott v. Retz***, 916 N.E.2d 252, 257 (Ind. App. Ct. 2009). Under the doctrine of respondeat superior, an employer is liable for the acts of its employees which were committed within the course and scope of their employment. ***Stropes v. Heritage House Childrens Center of Shelbyville***, 547 N.E.2d 244, 247 (Ind. 1989). In order for an employee's act to fall "within the scope of employment," the injurious act must be incidental to the conduct authorized or it must, to an appreciable extent, further the employer's business. ***Barnett v. Clark***, 889 N.E.2d 281, 283–84 (Ind. 2008) (quoting ***Celebration Fireworks, Inc. v. Smith***, 727 N.E.2d 450, 453 (Ind. 2000). An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer. ***Barnett***, 889 N.E.2d at 284 (quoting Restatement Third of Agency § 7.07(2)).

The plaintiffs have argued that under Count III the complaint alleged that Kimmel's conduct was outside the scope of his employment by soliciting specific investments. The plaintiffs indicated that Kimmel's employment gave him the authority to give financial advice, rather than solicit investments in a specific program. The plaintiffs indicated that the defendant is liable for negligent retention since Kimmel's misconduct was outside the scope of his

5

employment, it knew or should have known of the fraudulent conduct, and it should have terminated Kimmel's ability to offer the investment advice or solicit First Baptist members to invest in the note program.

The defendant has argued that soliciting investment advice was incidental to Kimmel's employment. Also, that his solicitation of the investments allowed parishioners to accumulate more money and therefore further First Baptist's business. Therefore, the defendant has argued the plaintiffs' complaint does not allege Kimmel acted outside his employment.

Assuming the facts in the plaintiffs' complaint are true, the allegations do plausibly give rise to a claim that entitles them to relief. Indiana recognizes a negligent retention claim when the tortious injury upon a third party is outside the scope of employment. The plaintiffs may set forth alternative claims in their complaint. **Federal Rule of Civil Procedure 8(d)(2).** Count III of the complaint alleged that Kimmel was hired to give financial, debt, budget, and investment advice to parishioners. It further indicated that Kimmel, as an employee, had the ability to solicit parishioners to invest in Sure Line. The plaintiffs' complaint did not indicate that it was within the scope of Kimmel's employment to solicit this particular note program nor was it incidental to his employment. The plaintiffs have provided factual allegations or elements of a legal claim capable of supporting relief. Therefore, the court finds that the plaintiffs have presented a claim upon which relief can be granted.

The defendant has alleged that the plaintiff failed to file suit within the applicable statute of limitations. Indiana has a two year statute of limitations period for actions involving negligent retention. *Konkle*, 672 N.E.2d at 458 (citing Ind. Code § 34–1–2–2(2)). When a defendant raises the issue of the statute of limitations defense and puts evidence before the court to show that the actions at issue took place outside the statute of limitations period, the burden is on the

6

plaintiff to show that the acts occurred within the limitations period. ***Conard v. Waugh***, 474 N.E.2d 130, 134 (Ind. Ct. App. 1985). Under the discovery rule, a "cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another. ***Konkle***, 672 N.E.2d at 459 (citing ***Wehling v. Citizens Nat. Bank***, 586 N.E.2d 840, 843 (Ind.1992)). The determination of when a cause of action accrues is generally a question of law. ***Barnes v. A.H. Robins Co.***, 476 N.E.2d 84 (Ind.1985). For an action to accrue, it is not necessary that the full extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred. ***Cooper Industries, LLC v. City of South Bend***, 899 N.E.2d 1274, 1280 (Ind. 2009); ***Pflanz v. Foster***, 888 N.E.2d 756, 759 (Ind. 2008) (quoting ***Doe v. United Methodist Church***, 673 N.E.2d 839, 842 (Ind. Ct. App. 1996)). A motion to dismiss for failure to state a claim may be an appropriate means of raising the statute of limitations. ***In re Estate of Carroll***, 436 N.E.2d 864, 865 (Ind. Ct. App. 1982). When the complaint shows on its face that the statute of limitations has run, the defendant may file a Rule 12(b)(6) motion. **Federal Rule of Civil Procedure 12(b)(6).**

The court must look only at the face of the complaint to determine if the statute of limitations has run. The defendant argued that the statute of limitations began to run when plaintiffs learned of Kimmel's indictment in or around August 2013 and Deborah Baldwin's call with the FBI in late summer of 2013. The plaintiffs indicated that the complaint alleged Kimmel was indicted on August 21, 2013, not that plaintiffs were aware of his indictment, and that Baldwin learned from the FBI that Kimmel and Pastor Schaap were receiving commissions from the proceeds of the investments in the note program. Therefore, the court finds that the complaint does not indicate that the statute of limitation has run. Any factual disputes must be

pursued during discovery, and the court cannot resolve them based on unverified allegations in briefs.

Based on the foregoing reasons, the Motion to Dismiss Count III of Plaintiffs' Complaint [DE 13] is **DENIED.**

ENTERED this 15th day of September, 2016.

/s/ Andrew P. Rodovich
United States Magistrate Judge