IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JOSEPH ELWELL, CRYSTAL ELWELL, DEBORAH BALDWIN, Individually and as custodian for her Minor children WM and AM, ROBERT BALDWIN, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:16-CV-158 |
| v. | ) ) ) | |
| FIRST BAPTIST CHURCH OF HAMMOND, INC., | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO COUNT III OF THE PLAINTIFFS' COMPLAINT AND SUPPLEMENTAL AFFIRMATIVE DEFENSE

NOW COMES the Defendant, FIRST BAPTIST CHURCH OF HAMMOND, INC., by and through its attorneys, HeplerBroom, LLC, and for its Answer to Count III of the Plaintiffs' Complaint at Law, and Supplemental Affirmative Defense, states as follows:

### ANSWER TO COUNT III OF PLAINTIFFS' COMPLAINT

113.    Plaintiffs incorporate the allegations in paragraphs 1 through 84 above as though stated fully herein.

**ANSWER:    Defendant restates and re-alleges its responses to paragraphs 1-84 above as though fully set forth herein.**

114.    Defendant, as an employer, had a duty with regard to third person injured by its employees.

1

ANSWER: The allegations of this paragraph state a legal conclusion, and as such, no answer is given. To the extent an answer is required, Defendant admits only its duties recognized under the law and denies any inconsistencies therewith.

115. Defendant hired and retained Mr. Kimmel as an employee, at all times relevant to this complaint, to act as Defendant's employee and agent for the purposes of providing financial advice, debt counseling, budget and investment advice to parishioners of Defendant's church from his First Baptist Church Office.

**ANSWER: Defendant denies that Mr. Kimmel was hired as an employee of FBC, and denies that the allegations in this paragraph completely or accurately reflect the nature of the relationship between Mr. Kimmel and First Baptist Church.**

116. Defendant allowed Mr. Kimmel, in his capacity as Defendant's employee, to use Defendant's property and provided him an office on that property to teach classes and seminars to parishioners regarding financial advice and planning. Defendant knew or had reason to know that it could have terminated Mr. Kimmel's right to use that property at any time and terminate his employment.

**ANSWER: Defendant denies that Mr. Kimmel was an employee. Defendant admits only that Mr. Kimmel had an office at First Baptist Church, and further admits only that Defendant could have revoked Mr. Kimmel's ability to utilize the subject office.**

117. Defendant knew or had reason to know that it should have exercised control of Mr. Kimmel in his role as an employee and prevent him from selling and soliciting the Sure Line Investments to parishioners.

**ANSWER: Defendant denies the allegations of this paragraph.**

118.   By no later than November 2007 Defendant, through its agent Pastor Schapp, was made aware that the sale of the Sure Line Investments likely stood in violation of Indiana law as the improper and unlicensed sale of unregistered securities to unsophisticated investors.

**ANSWER:   To the extent that this allegation states a legal conclusion, no answer is given. Further answering, Defendant denies the remaining allegations of this paragraph.**

119.   Defendant, had it exercised any reasonable diligence, should have known that by no later than April 2010, the Alabama Securities Commission issued a Cease and Desist order barring Mr. Kimmel from selling the Sure Line Investments in Alabama as unlicensed and unregistered securities.

**ANSWER:   Defendant denies the allegations of this paragraph.**

120.   With knowledge or reason to know of the potential illegality of the sales of the Sure Line Investments, defendant failed to take any action to terminate Mr. Kimmel's employment or request that he stop advising parishioners to invest in the Sure Line Investments while acting as an employee of Defendant.

**ANSWER:   Defendant denies the allegations of this paragraph.**

121.   Rather than terminate the relationship, Defendant's agent, Pastor Schaap, chose to continue to allow Mr. Kimmel to act as Defendant's employee for the purposes of providing investment advice, debt counseling and budget counseling to parishioners.

**ANSWER:   Defendant denies the allegations of this paragraph.**

122.   While retaining Mr. Kimmel to continue to offer investment advisory services to parishioners of First Baptist Church, Defendant, through its agent Pastor Schaap, negligently made representations to members of the church that would lead them to believe that Mr. Kimmel was certified to provide the type of investment advice he was providing members of the church. Pastor

Schaap knew, or had reason to know, that Mr. Kimmel did not hold any requisite licenses to act as an investment advisor or securities broker.

**ANSWER:    Defendant denies the allegations of this paragraph.**

123.    Defendant's agent, Pastor Schaap, held a fiduciary relationship with Plaintiffs as their Pastor and, while acting in that capacity and as Defendant's agent, continued to encourage parishioners to meet with Mr. Kimmel to receive investment advice after learning in 2007 that the Sure Line Investments were likely unlawful.

**ANSWER:    The allegations of this paragraph state a legal conclusion, and as such, no answer is given.  To the extent an answer is required, Defendant admits only its duties recognized under the law and denies any inconsistencies therewith.  Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

124.    Defendant's agent, Pastor Schaap had the authority to terminate Mr. Kimmel at any time but chose to retain Mr. Kimmel for the continued sale of the Sure Line Investments.

**ANSWER:    Defendant admits only that Pastor Schaap had the authority to discontinue Mr. Kimmel's debt counseling work at FBC. The Defendant denies the remaining allegations in this paragraph, and specifically denies that Mr. Kimmel was "retained" for the continued sale of Sure Line Investments.**

125.    Defendant breached its duties by failing to terminate Mr. Kimmel's:

    a.    Employment with Defendant for the purpose of offering financial advice, investment advice, debt counseling and budgeting counseling;

    b.    Right and ability to hold the First Baptist Church Office for the purpose of providing financial and investment advice to parishioner's;

      c.      Right and ability to teach seminars as Defendant's employee on Defendant's property concerning investments, including the Sure Line Investments; and,

      d.      Ability to solicit its parishioner's to invest in the Sure Line Investments.

**ANSWER:**    **Defendant denies paragraph 125, including subparagraphs a-d.**

126.    As a direct and proximate result of Defendant's breaches of duty and misrepresentations and omissions during those breaches of duty, Plaintiffs' suffered harm.

**ANSWER:**    **Defendant denies the allegations of this paragraph.**

## SUPPLEMENTAL AFFIRMATIVE DEFENSE

### FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs knew or should have known of their cause of action when Mr. Kimmel was formally indicted in August, 2013. Further, Ms. Baldwin alleges she learned of the fraudulent conduct of Mr. Kimmel during a telephone call with the FBI in the "late summer of 2013." Based upon the Plaintiffs' allegations, they knew or should have reasonably discovered the basis for their cause of action by August, 2013.

Plaintiffs' filed the instant complaint on May 5, 2016. In Indiana, the statute of limitations to recover property damages due to a defendant's negligent conduct is 2 years. Ind. Code. §34-11-2-4(2). This period begins to accrue when the plaintiff knew or, through ordinary diligence, could have discovered, the injury. *Id.* Therefore, Plaintiffs' cause of action for negligence is time barred, and the Defendant should be entitled to judgment in its favor with prejudice and costs.

5

                Respectfully submitted,

                HeplerBroom, LLC

                */s/ Rick Hammond*
                Rick Hammond
                David Albaugh
                Bridget Liccardi
                HEPLERBROOM, LLC
                30 N. LaSalle Street, Suite 2900
                Chicago, Illinois 60602
                (312) 230-9100
                rick.hammond@heplerbrooom.com
                david.albaugh@heplerbroom.com
                bridget.liccardi@heplerbroom.com

## CERTIFICATE OF SERVICE

    I hereby certify that on September 27, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the following: **John S. Burke** of Higgins & Burke, P.C., *Attorney for Plaintiffs*. A courtesy copy was e-mail to:

John S. Burke
Higgins & Burke, P.C.
2560 Foxfield Rd. Suite 200
St. Charles, IL 60174
Phone No. (630) 762-9081
Fax No. (630) 762-9084
jburke@higginsandburke.com

                                        */s/ Rick Hammond*