UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSEPH ELWELL, CRYSTAL ELWELL, DEBORAH BALDWIN, Individually and as custodian for her Minor children WM and AM, ROBERT BALDWIN, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST BAPTIST CHURCH OF HAMMOND, INDIANA, INC., <br><br> Defendant. | Case No. 2:16-CV-158 |

**OPINION AND ORDER**

This matter is before the court on the Motion to Quash the Document Subpoena Issued to Attorney David Gibbs [DE 29] filed by the defendant, First Baptist Church of Hammond, Inc., on September 28, 2016. For the following reasons set forth below, the motion is **DENIED.**

*Background*

The plaintiffs, Joseph Elwell, Crystal Elwell, Deborah Baldwin, Individually and as custodian for her minor children WM and AM, and Robert Baldwin filed a complaint against the defendant, First Baptist Church of Hammond, Inc., on May 5, 2016. The complaint alleged fraud, constructive fraud and, in the alternative, negligent retention by the defendant. The plaintiffs' claims are based on the defendant's purported knowledge of the alleged conduct of non-parties, Thomas Kimmel and Jack Schaap, regarding an investment product developed and sold by Sure Line Acceptance Corporation.

On September 14, 2016, plaintiffs' counsel served a subpoena on attorney David Gibbs, III. It is alleged that attorney Gibbs acted as the defendant's attorney previously by counseling

and representing the defendant in various matters throughout the relevant time period. The subpoena requested the production of documents from attorney Gibbs relating to Thomas Kimmel, Faith Stewards, Inc., and Sure Line Acceptance Corporation. The subpoena included five requests:

1. Any and all documents, written or electronic, to or from you, your employees, agents, or persons acting on your behalf; Defendant First Baptist Church of Hammond, Indiana, Inc. (hereinafter "Defendant" or "First Baptist"); or Pastor Jack Schaap (hereinafter "Schapp") that were written or created after January 1, 2006, and that relate to Thomas TJ Kimmel (hereinafter "Kimmel"); Faithful Stewards, Inc.; or Sure Line Acceptance Corporation, including but not limited to any and all engagement letters, invoices, and correspondence.

2. Any and all documents that were written or created after January 1, 2006, whether written or electronic, that related to Faithful Stewards, Inc. or Sure Line Acceptance Corporation, including but not limited to any correspondence discussing the propriety of investing in Sure Line Acceptance Corporation's collateralized notes.

3. Any and all documents and other materials written or created after January 1, 2006, whether written or electronic, that relate to Kimmel's debt counseling classes and seminars, including but not limited to any video or audio records, surveys, teaching materials and correspondence, as well as any documents or materials distributed by Faithful Stewards, Inc.

4. Any and all documents written or created after January 1, 2006, whether written or electronic, that relate to Schaap's or Defendant's relationship with Sure Line Acceptance Corporation, including but not limited to payments from Kimmel and/or Sure Line Acceptance Corporation to Schaap and/or Defendant.

5. Any and all documents relating to complaints made to you by persons that invested money with Kimmel, Faithful Stewards, Schapp, or Sure Line Acceptance Corporation, including but not limited to your responses to these complaints.

Plaintiffs' counsel contacted attorney Gibbs and informed him that the plaintiffs intended to serve him with a subpoena. Attorney Gibbs waived formal service of the subpoena and indicated to the plaintiffs that he would cooperate fully. Plaintiffs' counsel sent notice as required under Federal Rule of Civil Procedure 45(a)(4) to defendant's counsel.

On September 27, 2016, the parties' counsels discussed via telephone that an attorney-client relationship existed between attorney Gibbs and the defendant. Also, defendant's counsel indicated a possibility that the documents that attorney Gibbs would produce responsive to the subpoena may be privileged. The defendant's counsel requested that the plaintiffs allow attorney Gibbs to produce the documents to defendant's counsel for review and redaction. After review, the redacted versions would be sent to the plaintiffs. The plaintiffs objected to the request based on their belief that none of the documents were privileged.

On September 28, 2016, the defendant filed a Motion to Quash the Document Subpoena Issued to Attorney David Gibbs [DE 29]. The defendant has argued that the documents and/or correspondence may be attorney-client privileged and/or may include work product pertaining to the defendant. Pursuant to N.D. Ind. L.R. 37-1, the defendant filed a certification of good faith in conjunction with its motion to quash detailing the actions taken to resolve its differences with the plaintiffs.

*Discussion*

The defendant has requested that the document subpoena issued to attorney Gibbs be quashed pursuant to **Federal Rule of Civil Procedure 45(d)(3)(A)(iii)**, which provides that "[o]n timely motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it ... requires disclosure of privileged or other protected material and no exception or waiver applies." Further, "the party seeking to quash a subpoena under Rule 45(d)(3)(A) has the burden of demonstrating that the information sought is privileged." **Hodgdon v. Northwestern University**, 245 F.R.D. 337, 341 (N.D. Ill. 2007). However, implicit in the rule is the requirement that a subpoena seek relevant information. *See* **Stock v. Integrated Health Plan, Inc**., 241 F.R.D. 618, 621-622 (S.D. Ill. 2007) (citing **Syposs v. United States**, 181 F.R.D. 224,

226 (W.D.N.Y. 1998) ("The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)").

As a general rule, "a party lacks standing to quash a subpoena issued to a nonparty unless the party has a claim of privilege attached to the information sought or unless it implicates a party's privacy interests." *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012); *United States v. Raineri,* 670 F.2d 702, 712 (7th Cir. 1982). Regardless of how minimal or exceedingly small the defendants' interests are, parties need only have some personal right or privilege in the information sought to have standing to challenge a subpoena to a third party. *Malibu Media, LLC,* 287 F.R.D. at 517. A specific explanation of why the document is privileged must be shown by the party claiming a privilege, such that a court can decide whether the party has met its burden. *Allendale Mutual Insurance Company v. Bull Data Systems, Inc.*, 152 F.R.D. 132, 137 (N.D. Ill. 1993). Mere conclusory statements of privilege will not satisfy the party's burden. *United States v. White*, 950 F.2d 426, 430-31 (7th Cir. 1991).

The attorney-client privilege is the oldest privilege, recognized by the common law, for confidential communications. *Upjohn Company v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981). The attorney-client privilege is designed to prevent the disclosure of confidential information about a client. *Allendale Mutual Insurance Company*, 152 F.R.D. at 135 (citing *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983)). It is intended to encourage complete and honest communication between attorneys and their clients and thereby "promote broader public interests in the observance of law and administration of justice." *Upjohn*, 449 U.S. at 389, 101 S.Ct. at 682.

When a federal court sits in a diversity action, it must apply the substantive privilege rules of the forum state, so Indiana law applies here. **Federal Rule of Evidence 501.** The

4

essential prerequisites to invocation of the privilege are to establish by a preponderance of the evidence: 1) the existence of an attorney-client relationship and 2) that a confidential communication was involved. *Mayberry v. State*, 670 N.E.2d 1262, 1266 (Ind. 1996); *Brown v. Katz*, 868 N.E.2d 1159, 1166 (Ind. Ct. App. 2007). Blanket claims of privilege are not favored. *Petersen v. U.S. Reduction Co.*, 547 N.E.2d 860, 862 (Ind. Ct. App. 1989). The party seeking to avoid discovery has the burden of establishing the essential elements of the privilege being invoked. *Petersen,* 547 N.E.2d at 862. Claims of privilege must be made and sustained on a question-by-question or document-by-document basis. *Airgas Mid–America, Inc. v. Long,* 812 N.E.2d 842, 845 (Ind. Ct. App. 2004); *Brown v. Katz*, 868 N.E.2d 1159, 1167 (Ind. Ct. App. 2007).

Ordinary work product materials may be discoverable upon a special showing, "a party seeking discovery is never entitled to the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the party concerning the litigation." *Penn Cent. Corp. v. Buchanan*, 712 N.E.2d 508, 516 (Ind. Ct. App. 1999) (citing *Howard v. Dravet,* 813 N.E.2d at 1222). However, a claim of work product must also be asserted "on a document-by-document basis." *Burr v. United Farm Bureau Mut. Ins. Co.*, 560 N.E.2d 1250, 1255 (Ind. Ct. App. 1990), *trans. denied.*

The plaintiffs have argued that the defendant's motion should be denied for an improper claim of privilege. First, the plaintiffs have argued that the defendant has not provided any evidentiary basis of an attorney-client relationship between it and attorney Gibbs. Next, the defendant has not stated what documents are privileged or upon what basis the privilege applies. The plaintiffs have argued that the defendant's motion is a "blanket claim of privilege." The defendant has failed to name any specific documents and has no knowledge that any of the

documents are privileged.  The plaintiffs have indicated, that by implication, a privilege does not exist because the documents are not confidential communications from the defendant to attorney Gibbs or legal opinions from attorney Gibbs to the defendant.

The defendant has requested the court to quash the document subpoena issued to attorney Gibbs based on a mere conclusory statement that the documents and correspondence sought are privileged.  The defendant has indicated that attorney Gibbs worked for his father David Gibbs, Jr.'s firm and that attorney Gibbs acted as counsel for the defendant by being directly involved in the production of legal work during the relative time period.  Therefore, the defendant contends that production of attorney Gibbs' file would violate attorney-client privilege.

The defendant cannot specify what documents are in the file.  In order to avoid privileged information being disclosed the defendant has requested to review, assert, and redact any privileged material.  Since documents contained in the file are unknown to the defendant, it cannot identify the specific privileges.  The defendant has argued that since the privilege is asserted by the client, it is should be equally involved in the redaction and would be greatly prejudiced if attorney Gibbs was required to produce responsive documents.

The defendant has indicated that an attorney-client relationship existed between attorney Gibbs and the defendant. Despite that fact being disputed, the defendant has failed to establish the claim of privilege on a question-by-question or document-by-document basis to preclude the discovery of the documentation requested in the subpoena.  The defendant has not adequately articulated specific reasoning why the documents requested by the plaintiffs are privileged.  Therefore, the information is discoverable.  Without more, the defendant's privilege and work product claim failed to meet its burden of establishing that privilege is applicable and precludes production.

The plaintiffs have argued that the defendant's motion to quash is an attempt to shift Federal Rule of Civil Procedure 11's signature requirement from attorney Gibbs to defendants' counsel.  Under **Federal Rule of Civil Procedure 11(a)** all pleadings and other papers are to be signed by an attorney, or the party personally if unrepresented.  The defendant's counsel argued that he is not trying to act as counsel for attorney Gibbs, rather assert the defendant's claim of privilege.  As mentioned above, the court holds that the defendant failed to establish a claim of privilege.

Based on the foregoing reasons, the defendants Motion to Quash the Document Subpoena Issued to Attorney David Gibbs [DE 29] is **DENIED.**

ENTERED this 9th day of November, 2016.

/s/ Andrew P. Rodovich
United States Magistrate Judge