UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSEPH ELWELL, CRYSTAL ELWELL, DEBORAH BALDWIN, Individually and as custodian for her Minor children WM and AM, ROBERT BALDWIN, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 2:16-CV-158<br>) |
| v. | )<br>) |
| FIRST BAPTIST CHURCH OF HAMMOND, INDIANA, INC., | )<br>)<br>) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Quash the Subpoena and/or Motion for Protective Order [DE 60] filed by the defendant, First Baptist Church of Hammond, Inc., on June 5, 2017. For the following reasons set forth below, the motion is **DENIED.**

*Background*

The plaintiffs, Joseph Elwell, Crystal Elwell, Deborah Baldwin, Individually and as custodian for her minor children WM and AM, and Robert Baldwin filed a complaint against the defendant, First Baptist Church of Hammond, Inc., on May 5, 2016. The complaint asserts three causes of action: fraud, constructive fraud, and negligent retention by First Baptist. The plaintiffs have alleged that First Baptist was aware that the non-parties, Thomas Kimmel and Jack Schaap, engaged in misconduct regarding an investment product that was developed and sold by Sure Line Acceptance Corporation. The plaintiffs further alleged that Kimmel solicited and sold the promissory notes made by Sure Line Acceptance Corporation to First Baptist members while he was acting within his scope of employment.

On May 22, 2017, the plaintiffs served subpoenas on five companies: Illinois National Insurance Company; Princeton Excess and Surplus Lines Insurance Company; The Underwriters Group, Inc.; Swett & Crawford of Illinois, Inc.; and Chartis Claims, Inc. The subpoenas requested the following:

1. Copies of all documents, correspondence, communications and/or notes in your file regarding any applications for insurance submitted on behalf of First Baptist Church of Hammond, Indiana, Inc. ("First Baptist") or Hyles-Anderson College ("Hyles-Anderson"), from January 1, 2000 to the present;

2. Copies of all correspondence, communications, and/or notes in your file regarding any claims paid under any insurance policies for which First Baptist or Hyles-Anderson are named as insureds, which relate to any claims involving Thomas L. Kimmel, from January 1, 2000 to the present; and

3. Copies of all correspondence, communications, and/or notes in your file between you, William Owens, The Owens Group, Inc., First Baptist, Hyles-Anderson, Rick Sparks, Eddie Lapina, Mirian Garcia, Ross Wonson, Owen Schipplein, John Wilkerson, Jack Schaap, and/or Thomas L. Kimmel, regarding any risk-management audits conducted for or on behalf of First Baptist and/or Hyles-Anderson from January 1, 2000 to the present.

First Baptist has argued that all of the requested documents are protected by Indiana's insured-insurer privilege. On June 19, 2017, the plaintiffs filed a response in opposition. First Baptist filed a reply on June 26, 2017.

First Baptist has not filed a certification of good faith as required by N.D. Ind. L.R. 37-1. The plaintiffs have indicated that the parties discussed the application of Indiana's insured-insurer privilege to the subpoena requests on two separate occasions, but did not reach a resolution. In the interest of justice, the court will consider the merits of the parties' arguments notwithstanding First Baptist's failure to comply with the Local Rules.

*Discussion*

**Federal Rule of Civil Procedure 45(d)(3)(A)(iii)** provides that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires

disclosure of privileged or other protected material and no exception or waiver applies." However, implicit in the rule is the requirement that a subpoena seek relevant information. *See Stock v. Integrated Health Plan, Inc.,* 241 F.R.D. 618, 621–622 (S.D. Ill. 2007); *Syposs v. United States,* 181 F.R.D. 224, 226 (W.D.N.Y.1998) ("The reach of a subpoena issued pursuant to Fed.R.Civ.P. 45 is subject to the general relevancy standard applicable to discovery under Fed.R.Civ.P. 26(b)(1)."). Relevancy under this rule is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)).

As a general rule, "a party lacks standing to quash a subpoena issued to a nonparty unless the party has a claim of privilege attached to the information sought or unless it implicates a party's privacy interests." *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012); *United States v. Raineri,* 670 F.2d 702, 712 (7th Cir. 1982). "The party seeking to quash a subpoena under Rule 45(d)(3)(A) has the burden of demonstrating that the information sought is privileged." *Hodgdon v. Northwestern University*, 245 F.R.D. 337, 341 (N.D. Ill. 2007). Regardless of how minimal or exceedingly small the interests are, parties need only have some personal right or privilege in the information sought to have standing to challenge a subpoena to a third party. *Malibu Media, LLC,* 287 F.R.D. at 517. A specific explanation of why the document is privileged must be shown by the party claiming a privilege, such that a court can decide whether the party has met its burden. *Allendale Mutual Insurance Company v. Bull Data Systems, Inc.*, 152 F.R.D. 132, 137 (N.D. Ill. 1993).

When a federal court sits in a diversity action, it must apply the substantive privilege rules of the forum state, so Indiana law applies here. **Federal Rule of Evidence 501;** *Country Life Ins. Co. v. St. Paul Surplus Lines Ins. Co.,* 2005 WL 3690565, *4 (C.D. Ill. Jan. 31, 2005) (where the basis of federal jurisdiction is diversity, the court is to apply the state law of attorney client privilege); *Lorenz v. Valley Forge Ins. Co.,* 815 F.2d 1095, 1097 (7th Cir. 1987) (applying the state law of privilege to a diversity claim in federal court). Claims of privilege must be made and sustained on a question-by-question or document-by-document basis. *Airgas Mid–America, Inc. v. Long,* 812 N.E.2d 842, 845 (Ind. Ct. App. 2004); *Brown v. Katz***,** 868 N.E.2d 1159, 1167 (Ind. Ct. App. 2007). Absent an articulation of specific reasons why the documents sought are privileged, the information is discoverable; otherwise, the whole discovery process is frustrated and vital information may be "swept under the rug." *Airgas Mid–America,* 812 N.E.2d at 845.

Indiana's insured-insurer privilege prevents disclosure of "statements from the insured to the insurer concerning an occurrence which may be made the basis of a claim by a third party." *Richey v. Chappell***,** 594 N.E.2d 443, 447 (Ind. 1992). The privilege applies to communications between the insured and its agents to the insurer. *See Richey,* 594 N.E.2d at 446. The privilege recognizes that the insured should be allowed to make a full statement to its insurer pertaining to an occurrence without the fear that the statement will be used by a third party. *Strack and Van Til, Inc. v. Carter,* 803 N.E.2d 666, 674 (Ind. Ct. App. 2004).

The plaintiffs have requested "all documents, correspondence, communications and/or notes" in the subpoenaed party's file "regarding any applications for insurance submitted on behalf of First Baptist or Hyles-Anderson College." First Baptist has argued that its insurance applications are forms of statements to the insurer. First Baptist contends that the production of insurance applications would undercut the reasoning and logic that form the foundation of the

insured-insurer privilege. However, First Baptist has not asserted the insured-insurer privilege on a document-by-document basis.

The plaintiffs have argued that First Baptist's applications were sent to the insurers to obtain insurance, rather than in connection with an occurrence. Also, the plaintiffs have argued that only the insured's statements are privileged, thus, other documents sent by an insured to its insurer are discoverable. Therefore, the plaintiffs contend that the documentation regarding applications for insurance that First Baptist sent to its insurers falls outside the scope of the privilege.

To be protected from disclosure the court must determine whether the documents, correspondence, communications and/or notes requested regarding First Baptist's applications for insurance are statements from the insured to the insurer concerning an occurrence which may be made the basis of a claim by a third party. **Richey v. Chappell,** 594 N.E.2d 443, 447 (Ind. 1992). The plaintiffs have argued that First Baptist's applications and the supporting documentation were not statements. The Indiana courts have extended the insured-insurer privilege beyond just statements. In **Strack and Van Til, Inc. v. Carter,** 803 N.E.2d 666, 674 (Ind. Ct. App. 2004), the court held that the "Town and Country Accident Investigation Report" which was part of a packet of materials provided by the insurer to Strack was considered a statement.

However, the Report was used for Strack to communicate the pertinent facts of an occurrence to its liability insurer. **Strack and Van Til, Inc.,** 803 N.E.2d at 674. The court found it was erroneously admitted because it referred to the occurrence that was the basis of the underlying claim and was related to the insurer's duty to defend. **Strack and Van Til, Inc.,** 803 N.E.2d at 674. First Baptist has not established that the documents requested regarding

applications for insurance were sent to the insurers in connection with an occurrence that was the basis of the plaintiffs' underlying claim.

Next, the plaintiffs requested "all correspondence, communications and/or notes" in the subpoenaed party's file "regarding any claims paid under any insurance policies for which First Baptist or Hyles-Anderson are named as insureds, which relate to any claims involving Thomas L. Kimmel." The plaintiffs contend that they have requested "all" correspondence and communication regarding claims made on First Baptist's insurance policy that involved Kimmel. Therefore, any statements not made by the "insured" are discoverable.

Indiana's insured-insurer privilege applies to communications between the insured and its agents to the insurer. *See Richey,* 594 N.E.2d at 446. Therefore, any statements made by First Baptist, the insured, or its agents to the insurers regarding claims involving Kimmel are privileged and not discoverable in accordance with *Richey.* However, First Baptist has not specifically identified the correspondence, communications and/or notes that it asserts are privileged. The applicability of the privilege must be established as to each question asked or document sought. *Brown v. Katz,* 868 N.E.2d 1159, 1166 (Ind. Ct. App. 2007). Therefore, any objection has been waived.

The plaintiffs' final request included "all correspondence, communications, and/or notes" between First Baptist and the subpoenaed parties regarding any "risk management audits conducted for or on behalf of First Baptist and/or Hyles-Anderson." First Baptist has argued that risk-management audits depend on the forthrightness from the insureds. However, First Baptist has not specifically identified the documents regarding risk management audits that included statements to the insurers that concerned an occurrence related to the basis of the plaintiffs' claim. *See Richey,* 594 N.E.2d at 447.

First Baptist merely has asserted that all the documents requested in the subpoenas are protected by Indiana's insured-insurer privilege. Absent an articulation as to why the insured-insurer privilege applies to each of the documents sought, the moving party may not use it to avoid discovery. *See Airgas Mid–Am., Inc.,* 812 N.E.2d at 845. Therefore, the court cannot determine that all the documents requested are protected by the insured-insurer privilege.

Further, First Baptist has requested that any documents produced be subject to a protective order. A party may move for a protective order in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." **Federal Rule of Civil Procedure 26(c)(1)**. The party seeking the protective order has the burden of showing that good cause exists for it, which requires that the "party must submit a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Felling v. Knight***,** 211 F.R.D. 552, 554 (S.D. Ind. 2003) (quoting *Wilson v. Olathe Bank***,** 184 F.R.D. 395, 397 (D. Kan. 1999) and *Gulf Oil Co. v. Bernard***,** 452 U.S. 89, 102 n. 16 (1981)) (internal quotations, other citations omitted). The parties may file the appropriate motion requesting a joint stipulated protective order. If the parties cannot agree on a protective order, First Baptist may file its proposed order, and the court will consider any objections received by the plaintiffs.

Based on the foregoing reasons, the Motion to Quash the Subpoena and/or Motion for Protective Order [DE 60] is **DENIED.**

ENTERED this 1st day of August, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge