UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOSEPH ELWELL, CRYSTAL ELWELL, DEBORAH BALDWIN, Individually and as custodian for her Minor children WM and AM, ROBERT BALDWIN, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:16-CV-158 |
| v. | ) ) | Mag. Judge Andrew Rodovich |
| FIRST BAPTIST CHURCH OF HAMMOND, INDIANA, INC., | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT FIRST BAPTIST CHURCH OF HAMMOND, INDIANA, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF THE MOTION FOR RECONSIDERATION**

In its August 1, 2017 Opinion and Order, this Court wrote: "First Baptist has not specifically identified the correspondence, communications and/or notes that it asserts are privileged. The applicability of the privilege must be established as to each question asked or document sought. Therefore, any objection has been waived." Doc. 66 at 6 (citation omitted).

Plaintiffs read this language broadly, to act as a blanket waiver to *all documents that might be covered by the insurer-insured privilege,* including documents previously identified as privileged. First Baptist believes the waiver language applies only to the subpoenas that were the subject of the Court's August 1, 2017 Order. *See* Doc. 66 at 2 (describing the scope of the five subpoenas). The requests in the subpoena were the only matters before the Court and that is all the Order could address. In other words, First Baptist is not asking the Court to overturn its ruling on the motion to quash; First Baptist merely seeks clarification or reconsideration with respect to the waiver language.

## **WAIVER IS A PARTICULARLY HARSH SANCTION**

Waiver is a "harsh sanction, particularly when privilege objections are raised, and there is insufficient evidence of [a party's] bad faith or willfulness . . . ." *Romary Assocs., Inc. v. Kibbi LLC*, No. 1:10-CV-376, 2011 WL 4005346, at *5 (N.D. Ind. Sept. 8, 2011); *see also Lucas v. Gold Standard Baking, Inc.*, No. 13 CV 1524, 2017 WL 3394726, at *2 (N.D. Ill. Aug. 8, 2017) ("[F]inding a waiver of privilege for procedural violations is a harsh sanction."); *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 481 (N.D. Ind. 2009) (Rodovich, M.J.) ("[W]aivers of privilege are a serious sanction."). In *Cunningham,* this Court ordered the defendant to provide a detailed privilege log that sufficiently explained the privilege of any disputed material and warned the defendant that any failure to provide an appropriate privilege log within thirty days would *then* "constitute a waiver of any privilege." 255 F.R.D. at 481. Imposing waiver as a sanction is all the more severe when there is no prejudice to the other party. *See Romary Assocs.,* 2011 WL 4005346, at *4.

There is no identifiable prejudice to the Plaintiffs in this case. There would, however, be a clear prejudice to First Baptist if First Baptist is deemed to have waived its right to assert the insurer-insured privilege. This waiver, depending on its scope, could impact all past and future discovery requests. *See* Memorandum of Law in Support of the Motion for Reconsideration, Doc. 69 at 3-5. Indeed, Plaintiffs have already begun to assert that First Baptist "waived any objection to document production based upon the insurer-insured privilege . . . ." Doc. 69-2. Plaintiffs make this argument even though First Baptist specifically raised the insurer-insured privilege previously and provided Plaintiffs with the relevant privilege log. Doc. 69-1.

2

**FIRST BAPTIST HAS IDENTIFIED REASONS THE REDACTED DOCUMENTS ARE PRIVILEGED**

Plaintiffs argue that First Baptist failed to provide a specific reason that the redacted documents are subject to the insurer-insured privilege. Doc. 72 at 4. This is incorrect. First Baptist has repeatedly argued that the documents at issue contain statements from the insured to the insurer concerning an act that is now part of a lawsuit. *See, e.g.,* Doc. 61 at 5-8; Doc. 69 at 3-5; *see also* Doc. 69, Ex. A. This argument speaks to the core of what the insurer-insured privilege seeks to protect. *See Richey v. Chappell,* 594 N.E. 443, 447 (Ind. 1992). First Baptist has provided specific reasons why the redacted documents are subject to the insurer-insured privilege.

**CONCLUSION**

For all of the reasons stated above, as well as those raised in its Motion to Reconsider the August 1, 2017 Order and supporting memorandum, Docs. 68-69, First Baptist respectfully requests that the Court reconsider and/or clarify its August 1, 2017 Opinion and Order, to specify the scope of the waiver of the insurer-insured privilege.

Dated: September 7, 2017

    Respectfully submitted,
    **HeplerBroom, LLC**

    /s/ Justin K. Curtis
    Justin K. Curtis
    HEPLERBROOM, LLC
    2929 Carlson Drive, Suite 304
    Hammond, IN 46323
    (219) 427-5562
    justin.curtis@heplerbroom.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2017, I electronically filed the foregoing, ***Defendant's Reply Brief in Further Support of the Motion for Reconsideration,*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the following attorneys of record.

John S. Burke
Jared M. Schneider
Higgins & Burke, P.C.
2560 Foxfield Rd. Suite 200
St. Charles, IL 60174
Phone No. (630) 762-9081
jburke@higginsandburke.com
jschneider@higginsandburke.com

                                             */s/ Justin K. Curtis*